UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL INSURANCE CO., GREAT
NORTHERN INSURANCE COMPANY, and
PACIFIC INDEMNITY COMPANY,

                       Plaintiffs,

    -against-

PAUL H. MERTZ, JR., THE MERTZ
COMPANY, and DENNIS SORGE,

                       Defendants.

12-cv-1597-NSR-JCM

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

    Federal Insurance Company, Great Northern Insurance Company, and Pacific Indemnity Company (collectively, "Plaintiffs" or "Chubb") bring this action against Paul H. Mertz, Jr., The Mertz Company, and Dennis Sorge ("Defendants") for fraud, breach of fiduciary duty, and violation of Connecticut General Statutes § 42-110g (the "Connecticut Unfair Trade Practices Act" or "CUTPA"). Trial in this action is scheduled to begin on April 25, 2016. In anticipation of trial, Plaintiffs, as well as Defendant Dennis Sorge, now move *in limine*. Plaintiffs' motion requests an order precluding the admission of certain underwriting documents into evidence. Sorge's motion requests an order precluding the introduction of testimony, evidence, or argument relating to (1) Sorge's financial records, including wealth, financial, and economic status; (2) Midlantic Restoration doing work on Sorge's home; and (3) the investigation of Lou

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/18/2016

Cordasco for unrelated insurance frauds, including the Federal Bureau of Investigation's ("FBI") interview of Sorge.[1]

For the following reasons, Plaintiffs' motion is DENIED, and Sorge's motion is GRANTED in part and DENIED in part.

## LEGAL STANDARD

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation and quotation marks omitted); *see generally Luce v. United States*, 469 U.S. 38 (1984). "Courts may [additionally] entertain *in limine* motions to make pre-trial rulings allocating burdens of proof in order to avoid uncertainty at trial." *Bd. of Trustees of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.,* 860 F. Supp. 2d 251, 259 (S.D.N.Y. 2012) (citing *Reale Int'l, Inc. v. Federal Republic of Nigeria*, No. 78 Civ. 23, 1984 WL 837, at *2–4 (S.D.N.Y. Sept. 11, 1984) (considering and denying "Plaintiff's motion for a ruling *in limine* reducing or modifying its burden of proof"). Where a motion seeks to limit damages, however, it must be treated as a motion for partial summary judgment. *See Point Prods. A.G. v. Sony Music Entm't, Inc.,* 215 F. Supp. 2d 336, 340 (S.D.N.Y. 2002) *opinion amended on reconsideration*, No. 93 CIV. 4001 (NRB), 2002 WL 31856951 (S.D.N.Y. Dec. 19, 2002) (citing *Barnes Group v. United States,* 872 F.2d 528, 532 (2d Cir. 1989)).

---

[1] A complete factual background is provided in the parties' prior summary judgment motion. *See Fed. Ins. Co. v. Mertz*, No. 12-CV-1597-NSR-JCM, 2015 WL 5769945 (S.D.N.Y. Sept. 29, 2015).

## DISCUSSION

Plaintiffs' and Sorge's motions will be addressed in turn.

**I.    Chubb's Motion**

*A.   Course of Construction Report*

At trial, the Mertz Defendants intend to use certain underwriting documents to argue that Chubb had knowledge that the Mertz Defendants were the insureds' general contractor, which could constitute consent to the dual capacity, or perhaps a waiver of any conflict. To support this argument, the Mertz Defendants seek to admit Course of Construction Worksheets ("COC Reports") prepared by Chubb's underwriting department. Specifically, these COC Reports identify the Mertz Defendants as the general contractor for many of the insured homes, and the Mertz Defendants contend that the documents demonstrate that Chubb was aware that The Mertz Company was the insureds' general contractor on the homes. Chubb, on the other hand, contends that the documents are irrelevant and have no foundation because the Mertz Defendants cannot prove that anyone in the Claims Department at Chubb, as opposed to the appraisers, had this knowledge. (Plaintiffs' Motion *in Limine* to Preclude Admission of Certain Underwriting Records, ECF No. 197, at 1: "Absent such proof, what [Chubb's] appraisers knew is irrelevant to any claim or defense asserted in this action.")

Chubb's argument, however, does not concern the relevance of the evidence. The "standard of relevance established by the Federal Rules of Evidence is not high." *United States v. Southland Corp.,* 760 F.2d 1366, 1375 (2d Cir. 1985) (citation omitted); *see also United States v. Al–Moayad,* 545 F.3d 139, 176 (2d Cir. 2008) (calling the relevance threshold "very low").

Under Rule 401, "[e]vidence is relevant when 'it has any tendency to make a fact more or less probable than it would be without the evidence.'" *United States v. White,* 692 F.3d 235, 246 (2d Cir. 2012), *as amended* (Sept. 28, 2012) (quoting Fed. R. Evid. 401) (footnote omitted). The COC Reports make it more probable that Chubb was aware of the Mertz Company working as the contractor on the insured homes. Chubb is free to dispute that fact with relevant testimony and evidence at trial, but the COC reports are clearly relevant, and the Court cannot preclude their admission based on what is essentially a credibility argument—*i.e.*, how much weight should the jury afford the COC Reports.

### B. Adverse Agent Rule

Next, Chubb argues that although Sorge knew that the Mertz Defendants were the insureds' general contractor, that knowledge is not imputed to Chubb because of the adverse agent rule. Specifically, though an employee's knowledge is "presumptively imputed" to its corporate employer, this presumption does not apply where the employee is "entirely opposed *(i.e.,* 'adverse') to the corporation's own interests." *See Kirschner v. KPMG LLP*, 15 N.Y.3d 446, 466-67 (2010). On the other hand, Defendants contend that the adverse agent exception is narrow and does not apply in the instant case where the agent did not "totally abandon" the corporate interests. *Id.* at 466. To fall within this exception, the fraud must be committed "*against* the corporation" and may not mutually benefit both the adverse agent and the corporation. *Id.* at 466-67 (emphasis added). Whether Sorge was acting as an adverse agent and the extent to which his actions harmed the Plaintiffs are questions of fact for trial and therefore may not be resolved on a motion *in limine*. *Summit Properties Int'l, LLC v. Ladies Prof'l Golf Ass'n*, No. 07 CIV 10407

4

LBS, 2010 WL 4983179, at *2 (S.D.N.Y. Dec. 6, 2010) (citing *Hamblin v. British Airways PLC*, 717 F.Supp.2d 303, 307 (E.D.N.Y.2010)) ("Motions *in limine* are appropriate for evidentiary or 'purely legal ... non-record dependent legal issues, like those that could just as easily be raised in the Rule 12 context.'").

**II.     Sorge's Motion**

*A.  Evidence Concerning Financial Records*

Sorge seeks to preclude evidence concerning his wealth on the basis that it is irrelevant or, in the alternative, unduly prejudicial. (Memorandum of Law in Support of Defendant Sorge's Motion *in Limine* to Exclude Certain Evidence ("Sorge's Memo"), ECF No. 199, at 6.) Pursuant to Federal Rules of Evidence 401 and 402, Sorge argues that his accumulation of wealth is irrelevant to the issue of whether he received money from the Mertz Defendants. However, as Plaintiffs point out, "[i]t is settled that evidence of unexplained wealth is relevant to create an inference of illicit gain." *United States v. Fenton*, 165 F.3d 15 (2d Cir. 1998) (citing *United States v. Cruz*, 797 F.2d 90, 95 (2d Cir. 1986); *United States v. Amuso*, 21 F.3d 1251, 1263 (2d Cir. 1994)). Under Rules 401 and 402, evidence is relevant and admissible if "it has any tendency to make a fact more or less probable than it would be without the evidence ... and the fact is of consequence in determining the action." Fed. R. Evid. 401, 402. As this Court has previously held, evidence of Sorge's financial records "suggests that Sorge received large sums of unexplained income," therefore creating the possible inference that the Mertz Defendants paid Sorge for his role in the alleged scheme. (Memorandum Order, ECF No. 54, at 22.) Therefore, the evidence is relevant and cannot be excluded under Rules 401 and 402.

5

Next, Sorge argues that the evidence must be excluded because it has the potential to unduly prejudice the jury and "invite [the jury] to conclude that there must have been some payment by the Mertz Defendants simply because of the total value of his accounts." (Sorge's Memo, at 7.) The Court notes, however, that it is not the "total value of his accounts" but rather the allegedly inconsistent income and withdrawals that could convince a jury to make this conclusion. Nevertheless, the Second Circuit has held that evidence of wealth can unfairly prejudice a jury. *See United States v. Quattrone*, 441 F.3d 153, 187 (2d Cir. 2006) (holding that evidence of compensation, wealth, or lack thereof can unduly prejudice jury deliberation but nevertheless admitting evidence regarding defendant's wealth as not unduly prejudicial because evidence was probative of facts relating to elements of the crimes charged). Any risk of prejudice, however, can be reduced by Sorge's explanation for income and withdrawals. *See, e.g., United States v. Cruz*, 797 F.2d 90, 96 (2d Cir. 1986). In addition, the Court will instruct the jury to consider this evidence only in deciding whether Sorge benefited from the allegedly fraudulent scheme in order to further reduce the risk of undue prejudice.[2]

Finally, Sorge argues that Plaintiffs should not be permitted to present a witness to discuss evidence of his financial records because the witness was not disclosed under Federal Rule of Civil Procedure 26(a). Fed. R. Civ. P. 26(a). Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that any "party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as

---

[2] The Court additionally notes that the relevance of this evidence is not outweighed by its risk of confusing the jury because of its voluminous nature. The Court does, however, urge the parties to present the evidence in a summarized format.

evidence at a trial ... any witness...not so disclosed." Fed. R. Civ. P. 37(c)(1). Thus, the witness should not be permitted to testify unless the Plaintiffs have substantial justification for their failure to disclose the witness or their failure is harmless. In response, Plaintiffs argue that, because Sorge was aware of the Plaintiffs' intention to present the evidence of his financial records at trial, no prejudice, and therefore no harm, exists. More specifically, Plaintiffs propose that their witness will not provide any analysis or opinion but will instead only summarize the information that Sorge was already aware of and had access to. Sorge, on the other hand, claims to be prejudiced by his inability to depose the witness or retain his own witness or expert.[3] To the extent Plaintiffs seek to present testimony of this witness's opinions and analysis of the transactions, such testimony is prohibited, as Sorge has not been given an opportunity to depose the witness or seek additional discovery with regards to his or her opinions. However, testimony comprising an objective summary of true and accurate financial records will be permitted as no harm has resulted or will result to Sorge. *See* Fed. R. Civ. P. 37(c)(1).

### B. *Midlantic Restoration*

Next, Sorge seeks to preclude admission of extrinsic evidence regarding his use of Midlantic Restoration. (Sorge's Memo, 9.) Plaintiffs seek to introduce prior inconsistent statements that Sorge allegedly made with regards to Midlantic Restoration's work on his home in order to impeach Sorge's credibility as a witness. (Plaintiffs' Memorandum of Law in Opposition to Defendant Sorge's Motion *in Limine* to Exclude Certain Evidence, ECF No. 203, at 6-7.) Specifically, Sorge allegedly made contradicting statements as to whether, by using

---

[3] The fact that the identity of Plaintiffs' financial records' witness was not disclosed did not prevent Sorge from seeking to present his own witness on the topic.

Midlantic—a contractor of Chubb—Sorge knew he violated Chubb's policy. The issue of whether Sorge violated this Chubb policy regarding personal use of Chubb's vendors is unrelated to the alleged violations in this case and is therefore a collateral issue. The Second Circuit has made clear that "[a] witness may be impeached by extrinsic proof of a prior inconsistent statement *only* as to matters which are not collateral, *i.e.,* as to those matters which are relevant to the issues in the case and could be independently proven." *United States v. Rivera*, 273 F. App'x 55, 58 (2d Cir. 2008) (citing *United States v. Blackwood,* 456 F.2d 526, 531 (2d Cir. 1972)) (emphasis added). Thus, Plaintiffs may not introduce extrinsic evidence of Sorge's prior inconsistent statements.

### C. FBI Investigation

Finally, Sorge seeks to preclude any testimony or evidence concerning a criminal investigation by the FBI into insurance frauds committed by Lou Cordasco, which involved claims adjusted by Sorge. Though Sorge was interviewed by the FBI, the FBI did not consider Sorge a suspect, and Sorge was never implicated in the fraud. Moreover, the Cordasco fraud is completely unrelated to the allegations in the instant case. Therefore, the Court agrees that this matter is irrelevant and will not be admitted pursuant to Federal Rules of Evidence 401 and 402. Even if relevant, the probative value of the testimony would be significantly outweighed by the danger of unfair prejudice in that it risks the jury concluding that Sorge has a propensity to be involved in fraudulent conduct. *See* Fed. R. Civ. P. 403.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is DENIED, and Defendant Sorge's motion is GRANTED in part and DENIED in part. In so holding, the Court rules:

(1) Defendants may introduce the COC Reports, as they are relevant and admissible;

(2) Whether Sorge was acting as an adverse agent is a factual question for trial;

(3) Plaintiffs may admit evidence of Sorge's financial records, as it is relevant and not unduly prejudicial;

(4) Plaintiffs may present a witness to provide an objective summary of Sorge's financial records, but the witness may not opine on or analyze such records;

(5) Plaintiffs may not introduce extrinsic evidence of Sorge's prior inconsistent statements regarding Midlantic Restoration; and

(6) Plaintiffs may not introduce evidence concerning the FBI's investigation of Lou Cordasco or Sorge's participation in the investigation.

The Court respectfully directs the Clerk to terminate the motions at ECF Nos. 195 and 196.

Dated: April 18, 2016
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge